Idris Eddy LATIEF, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70744.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.[*]

Filed Oct. 24, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Seattle, WA, for Petitioner.

Kate D. Balaban, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

Idris Eddy Latief, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.

The IJ denied Latief's asylum application claim as time-barred. Latief does not challenge this finding in his opening brief.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

■ Substantial evidence supports the IJ's denial of withholding of removal. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Latief does not contend he suffered past persecution, but contends he has a fear of future persecution. Even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Indonesian Christians seeking withholding of removal, Latief has not established a clear probability of future persecution. *See id.* at 1184–85. Further, Latief failed to establish that there is a pattern or practice of persecution of Christians in Indonesia. *See Lolong,* 484 F.3d at 1180.

■ Substantial evidence also supports the agency's determination that Latief is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**